```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| M. CLARK McCUTCHEON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICA'S SERVICING COMPANY, | : | |
| et al. | : | NO. 06-03121-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    July 19, 2007

       Plaintiff filed this action in July 2006, alleging violations of the Federal Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Federal Real Estate Settlement Practices Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), and state law.  Trial of the case has long been scheduled to commence on July 30, 2007.  The defendants Fremont Investment & Loan and America's Servicing Company have recently filed motions for summary judgment.  In addition to responding to those motions, plaintiff has filed a motion for leave to amend the complaint.  Because of the imminence of trial, my discussion of the pending motions will be quite brief.  I conclude:

       (1)  The proposed amendments to plaintiff's complaint do not add anything of great significance to the totality of plaintiff's claims, and are probably unnecessary.  If, as defendants contend, the amendments are futile, because contradicted by plaintiff's own deposition testimony, that aspect of the matter can be resolved at trial.  Accordingly, the

proposed amendments will be deemed to have been granted, and defendants are deemed to have denied the additional averments in all material respects.  No further pleading will be required.

(2)  Plaintiff, a college-educated, retired military officer in his early 70s, obtained a $405,000 mortgage on his residence.  Of that amount, plaintiff realized a total of $10,557.57 at settlement.  The balance of the mortgage loan was expended in satisfying two prior mortgages in the total amount of $193,041.80, and the balance due on 11 credit cards, aggregating $193,238.

Plaintiff asserts that he was not afforded a genuine opportunity to review the settlement papers before he signed them (the settlement was apparently held at plaintiff's home on the evening of December 23, and was allegedly conducted by a young man not at all familiar with the transaction).  Plaintiff further contends that many of the settlement charges were totally unreasonable (e.g., a $19,000 fee to a mortgage broker for arranging the loan); that he was not made fully aware of the consequences of the adjustable-rate feature of the mortgage (starting at 11.5%, and virtually guaranteed to increase promptly); that the entire transaction was unconscionable, since the monthly payments on the mortgage would be more than double the amount of his total income; and that the defendants failed to respond to his notice of a desire to rescind the transaction.  On

behalf of the defendants, it is contended, among other things, that the rescission notice was untimely, and that the defendants fully complied with statutory requirements.

On the present state of the record, I do not believe it would be appropriate to grant summary judgment. There seem to be genuine disputed issues of fact concerning all of the above matters. To put the matter bluntly, it is difficult to determine whether this is a case of predatory lending, or predatory borrowing. I do not believe plaintiff's claims should be rejected simply on the basis of a few isolated excerpts from his deposition; credibility issues should be determined at trial.

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

M. CLARK McCUTCHEON                 :        CIVIL ACTION
                                    :
            v.                      :
                                    :
AMERICA'S SERVICING COMPANY,        :
et al.                              :        NO. 06-03121-JF

ORDER

AND NOW, this 19th day of July 2007, IT IS ORDERED:

1. Plaintiff's motion for leave to amend the complaint is GRANTED. The complaint is deemed AMENDED in accordance with that motion. The defendants need not file any further response, but are deemed to have denied the additional averments.

2. The defendants' respective motions for summary judgment are DENIED, without prejudice to possible reconsideration in the course of the trial, if deemed appropriate.

                                        BY THE COURT:


                                        /s/ John P. Fullam
                                        John P. Fullam, Sr. J.