```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


M. CLARK McCUTCHEON              :       CIVIL ACTION
                                 :
          v.                     :
                                 :
AMERICA'S SERVICING COMPANY,     :
et al.                           :       NO. 06-03121-JF
```

ADJUDICATION

Fullam, Sr. J.                                       July 31, 2007

This is an action by a homeowner against a mortgage lender, a mortgage servicing company, and a mortgage broker for alleged violations of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2605, the Federal Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201 *et seq.* The underlying facts can be summarized as follows:

Plaintiff, a college-educated, retired military officer in his early 70s, received a telephone call in the fall of 2005 from United Home Savings, LLC ("United"), a loan broker.  Through United, plaintiff obtained a $405,000 mortgage on his residence. Of that amount, plaintiff realized a total of $10,887.57 at settlement.  The balance of the mortgage loan (after deduction of generous settlement costs) was expended in satisfying two prior mortgages in the total amount of $283,032, and the balance due on 11 credit cards, aggregating $83,248.  The settlement was held at

plaintiff's home on the evening of December 23, 2005.  The mortgage lender was Fremont Investment & Loan Company ("Fremont").  America's Servicing Company ("ASC") began servicing the mortgage as of May 1, 2006.  Within a few months, plaintiff stopped making mortgage payments (at approximately $3,400, the mortgage payments exceeded his monthly income by approximately $1,500).  Plaintiff acknowledged that he did not read the documents associated with the transaction until early 2006.

On May 26, 2006, plaintiff's counsel sent a letter to Fremont and ASC, requesting information and demanding rescission of the loan. Fremont responded, after a fashion, but ASC did not.  Plaintiff filed suit in July of 2006.  United did not answer the complaint, and default (but not default judgment) has been entered against it.

The remaining parties appeared for a non-jury trial on July 30, 2007.  At trial, plaintiff sought to establish that he was overcharged for title insurance and did not receive variable rate disclosures, and that these violations of the TILA were material so as to entitle him to rescind the transaction without repayment of the mortgage proceeds or alternatively to an award of statutory damages; and that ASC violated RESPA by failing to respond to his mortgage inquiry.

## CONCLUSIONS OF LAW

Plaintiff filed this suit within the one-year period required by the TILA to challenge disclosure violations.

Plaintiff has established that the insurance charge was overstated by approximately $668.  Defendants contend that any overage is within the tolerance allowed by law.  The statute provides that:

> (f) Tolerances for accuracy
>
> In connection with credit transactions not under an open end credit plan that are secured by real property or a dwelling, the disclosure of the finance charge and other disclosures affected by any finance charge-
>
> (1) shall be treated as being accurate for purposes of this subchapter if the amount disclosed as the finance charge-
>
>> (A) does not vary from the actual finance charge by more than $100; or
>>
>> (B) is greater than the amount required to be disclosed under this subchapter; and
>
> (2) shall be treated as being accurate for purposes of section 1635 of this title [rescission] if-
>
>> (A) except as provided in subparagraph (B), the amount disclosed as the finance charge does not vary from the actual finance charge by more than an amount equal to one-half of one percent of the total amount of credit extended[.]

15 U.S.C. § 1605(f); see also 12 C.F.R. § 226.23(g).  For purposes of rescission, the insurance overstatement is indeed within the allowed tolerance of $2,025 on a $405,000 mortgage.

For purposes of statutory damages, it exceeds the $100 cap, and I therefore hold that defendant Fremont is liable for statutory damages in the amount of $1000, plus reasonable counsel fees. 15 U.S.C. § 1640.

Because ASC was not the initial servicer of the mortgage, it can be liable for violations of the TILA only if any violations were apparent on the face of the documents. See 15 U.S.C. § 1641. I conclude that the violation was not so obvious, and therefore plaintiff cannot recover against this defendant.

Plaintiff's other claimed TILA violation concerns the variable rate disclosures and whether plaintiff received them in a timely manner. 12 C.F.R. § 226.19. Plaintiff has not met his burden on this claim; there is no dispute that he received all required disclosures, and plaintiff acknowledged that he did not read any of the relevant documents until some time after the closing. Plaintiff is not entitled to rescission or to statutory damages on this claim.

Plaintiff also asserts a claim against ASC under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605. ASC is a servicer of a federally-related mortgage loan within RESPA, and the May 26, 2006 letter to ASC was a "qualified written request" within the meaning of RESPA, to which defendant ASC failed to respond. Under RESPA, the loan servicer must

acknowledge receipt of the borrower's request within 20 days of receipt thereof.  See 12 U.S.C. § 2605(e)(1)(A).

Although there may have been a violation of RESPA, Plaintiff did not claim any actual damages as a result of the violation, and the failure to respond to a single letter does not establish a pattern or practice of noncompliance by ASC. Hutchinson v. Delaware Sav. Bank FSB, 410 F. Supp. 2d 374 (D.N.J. 2006).  Plaintiff is not entitled to recover damages on Count III of the Complaint.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| M. CLARK McCUTCHEON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICA'S SERVICING COMPANY, | : | |
| *et al.* | : | NO. 06-03121-JF |

ORDER

AND NOW, this 31st day of July 2007, IT IS ORDERED:

1. JUDGMENT is ENTERED in favor of the Defendant, America's Servicing Company, and against the plaintiff, M. Clark McCutcheon.

2. JUDGMENT is ENTERED in favor of the plaintiff, M. Clark McCutcheon, and against the defendant, Fremont Investment & Loan Company, in the sum of $1000.

3. Plaintiff may submit an application for counsel fees within 10 days, and defendant may respond within 5 days thereafter.

4. Plaintiff shall file a motion for default judgment against Defendant United Home Savings, LLC. within 20 days of the date of this Order.

                                    BY THE COURT:


                                    /s/ John P. Fullam
                                    John P. Fullam,      Sr. J.